BOUDIN and HOWARD, Circuit Judges,
concurring.
Good arguments exist for placing the burden of proof as to whether the measure is justified on the plaintiff, even in a case where a self-interested government entity is the beneficiary as well as the impairer of the contract. This is the customary rule in cases where the government impairs a private contract but does not itself benefit, e.g., Seltzer v. Cochrane, 104 F.3d 234, 236 (9th Cir.1996); the unreasonableness of *48 the impairment, like the substantiality of the impairment, can be said to be an element of . the claim, see U.S. Trust Co. of N.Y. v. New Jersey, 431 U.S. 1, 25-26, 97 S.Ct. 1505, 52 L.Ed.2d 92 (1977); and the substantive test of justification vel non is already adjusted in the plaintiffs favor, see McGrath v. R.I. Ret. Bd., 88 F.3d 12, 16 (1st Cir.1996).
Further, in a proof-shifting role, the burden is unlikely to matter very much in most Contract Clause cases,[15] so the allocation of the burden to a plaintiff serves primarily as a pleading device to make the plaintiff focus its claim. In practice, the government’s rationale for the impairment is usually obvious (and the government usually prevails); the mystery at the complaint stage is likely to be the peculiar claim of unreasonableness that the plaintiff plans to invoke. Knowing this (and the facts claimed to support it) at the outset means that a judgment can be made early on as to whether to go beyond the complaint stage.
Indeed, since 1934, the Supreme Court has only once — in U.S. Trust Co. —struck down a state law that interfered with a government contract on Contract Clause grounds. E. Chemerinsky, Constitutional Law 630, 639 (3d ed. 2006). As then-judge Breyer wrote for this court:
The Contract Clause does not make unlawful evei-y state law that conflicts with any contract that contains terms contrary to its provisions. Any such interpretation would make of the clause an insuperable barrier to necessary state legislation. It would threaten to make the Constitution unworkable.... Thus, the courts have interpreted the clause so as to harmonize the state’s need to legislate in the interests of its citizens with the need to protect investors and other contracting parties against repudiation of a debt or obligation. In doing so, at least since the early 1930’s, they have struck down state laws only infrequently- ,
Local Div. 589, Amalgamated Transit Union v. Massachusetts, 666 F.2d 618, 638-39 (1st Cir.1981).
One reason why plaintiff victories are rare is that courts are not in a good position to determine the unreasonableness of the impairment unless it is particularly severe. See id. at 643 (“Answering these sorts of questions, and thereby determining the ‘reasonableness and necessity’ of a particular statute is a task far better suited to legislators than to judges.”). Thus, before burdensome discovery is imposed and further court time consumed, as a prudential matter it is quite desirable that the complaint plead with some specificity facts showing why the ordinary outcome is not appropriate.
Still, the issue is unsettled. Some language in U.S. Trust Co. blurs the issue, see 431 U.S. at 31, 97 S.Ct. 1505 (“In the instant case the State has failed to demonstrate that repeal of the 1962 covenant was similarly necessary.”), and some case law in other circuits assists the plaintiffs.[16] No one short of the Supreme Court is capable of definitively resolving a problem that *49 may well have considerable importance in light of the current financial difficulties confronting state governments. So we write to emphasize that the outcome of this case need not turn on definitive resolution of the burden issue.
This is so because the plaintiffs told the district court in writing that the burden of proof as to justification lay on them; specifically, they wrote:
[T]he Plaintiffs have to show that the contractual impairments were not “both reasonable and necessary to fulfill an important public purpose.” Seltzer v. Cochrane, 104 F.3d 234, 236 (9th Cir.1996). . . .
But they made no effort in their complaint to offer facts to show lack of justification— save for a few boilerplate conclusory phrases (remedy is “not character appropriate”; “other available alternatives [exist] with lesser impact”) that carry no weight under governing precedent. See Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).
Although the plaintiffs say that placing the burden on themselves was the result of a typographical error — the inadvertent substitution of the word “plaintiffs” for the word “defendants” and addition of the word “not” — and that the cited ease looked in the opposite direction, a busy district judge is entitled to accept an express concession, see Berner v. Delahanty, 129 F.3d 20, 29 n. 8 (1st Cir.1997). Because the plaintiffs conceded away their argument on the burden of proof issue, we would (even if we agreed with their new position) review the district court’s decision only for plain error, see Danco, Inc. v. Wal-Mart Stores, Inc., 178 F.3d 8, 15 (1st Cir.1999).
In civil cases, it is very difficult to show, as is required by Supreme Court precedent on plain error review, United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), a miscarriage of justice or something close to it. Chestnut v. City of Lowell, 305 F.3d 18, 20 (1st Cir.2002) (en banc) (per curiam). Certainly, the plaintiffs have not made that showing here. Puerto Rico has been suffering from one of the worst financial crises in its history, its government has been running a large structural deficit, and its credit has been in jeopardy.[17]
Conversely, the plaintiffs do not deny Puerto Rico’s financial plight, that employee compensation is a principal expenditure,[18] or that revenue raising as well as cost cutting was part of the package. True, the plaintiffs have offered criticisms, saying, for example, that some of the positions being eliminated were federally funded; but, given federal budget problems, how long this might continue could hardly be certain. Whether or not the statute could have been fine tuned, it is hard to see a miscarriage of justice that would invite plain error review.
Accordingly, the outcome of this case would be the same even if, contrary to the panel decision, the government bore the burden of proof on the justification issue. The plaintiffs assumed that burden themselves, did not in the complaint allege facts to satisfy it, and cannot satisfy the requirements for plain error review.

. Arguments about justification and unreasonableness are often going to turn on a com- , bination of legislative history and legislative fact based on available material. See Buffalo Teachers Fed’n v. Tobe, 464 F.3d 362, 365 (2d Cir.2006). In practice, when the issue is joined, the government will tend to assert facts that show reasonableness, and the plaintiff will tend to assert those that point in the opposite direction.

. Compare Univ. of Haw. Prof'l Assembly v. Cayetano, 183 F.3d 1096, 1106 (9th Cir.1999), Toledo Area AFL-CIO Council v. Pizza, 154 F.3d 307, 323 (6th Cir.1998), and Horwitz-Matthews, Inc. v. City of Chicago, 78 F.3d 1248, 1250 (7th Cir.1996), with Buffalo Teachers Fed’n, 464 F.3d at 365.

. 2009 P.R. Laws Act No. 7 (Statement of Motives), available at http://www.oslpr.org/ download/en/2009/A-0007-2009.pdf.

. See P.R. Office of Mgmt. & Budget, Government of Puerto Rico, FY 2009-2010 Budget: Executive Summary 8 (2009), available at http://www.bgf.gobierno.pr/investors_ resources/documents/2009-04-29-Proposed Budget2009-2010-FINAL.pdf (listing "Payroll and Related Costs” as largest consolidated expense item in total consolidated budget).